UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BEVERLY STAYART,

                        Plaintiff,

v.                                         Case No. 11-CV-765-JPS

VARIOUS, INC.,

                      Defendant.                 ORDER

       The plaintiff, Beverly Stayart ("Stayart"), filed this action – the most recent of four lawsuits she has filed against assorted internet search engines – in state court against defendant, Various, Inc. ("Various"), alleging that the defendant violated her right to privacy under both Wisconsin statutory and common law. According to Stayart, after conducting queries via Various's website using her own name as a search term, she discovered that the comprehensive search results eventually contained links to websites and advertisements that she found disgraceful. On August 12, 2011, Various removed the case from state court to this court asserting diversity jurisdiction. (Docket #1). Less than a month later, Stayart moved to remand this case back to state court. (Docket #7). With the benefit of the parties' briefs, the court resolves the pending motion.

       A defendant is allowed to remove a case filed in state court if the federal court would have had original jurisdiction to hear the case when the plaintiff originally filed it. 28 U.S.C. § 1441(a). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Here, Various relies on diversity jurisdiction

pursuant to 28 U.S.C. § 1332 as the source for this court having original jurisdiction. Under § 1332, federal courts have original jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. The plaintiff does not take issue with the diversity of citizenship requirement. Rather, Stayart makes several arguments related to the amount in controversy in this matter.

1. Collateral Estoppel

Stayart argues that a prior tribunal has already determined that Stayart's state law claims do not satisfy the amount in controversy requirement and, therefore, collateral estoppel precludes relitigation of this issue. As a result, Stayart contends the case must be remanded to state court for lack of federal jurisdiction. To resolve whether collateral estoppel applies here, it is first necessary to discuss the context of Stayart's previous lawsuit, filed against both Various and Yahoo! Inc. in 2009 before United States Federal District Judge Rudolph Randa. In that case, plaintiff alleged federal question jurisdiction via a trademark infringement claim under the Lanham Act and brought supplemental Wisconsin state law claims, identical to those brought in this case. The district court dismissed Stayart's federal claims under the Lanham Act and declined to exercise supplemental jurisdiction over plaintiff's state law claims. The district court also denied Stayart leave to amend her complaint, finding that to allow plaintiff to replead her complaint and proceed on her state law claims under diversity jurisdiction would be futile. *Stayart v. Yahoo! Inc.*, 651 F.Supp.2d 873, 889 (E.D. Wis. 2009) ("[I]t does not seem likely that Stayart could make a good faith allegation that her damages are more than $75,000."). The court also noted that "[g]iven the likelihood that Stayart's injuries are *de minimus*, granting leave to replead would simply invite more litigation over the propriety of federal

jurisdiction…If Stayart wishes to pursue her state law claims separately, it is more efficient for her to do so in state court." *Id.* The district court made sure to indicate that its reasoning was without prejudice to any request for damages in state court. *Id.* at n. 11. In affirming the district court's decision in this regard, the Seventh Circuit found that the lower court had adequately considered the merits of the state law claims and the need to resolve them in federal court and, thus, it did not abuse its discretion by denying leave to amend. *Stayart v. Yahoo! Inc.*, 623 F.3d 436, 439 (7th Cir. 2010).

Collateral estoppel prohibits relitigation of an issue of fact or law when the issue is actually litigated, determined by a final judgment and essential to the judgment of a prior tribunal. *Restatement (Second) of Judgments* § 27; *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979); *Rockford Mutual Ins. Co. v. Amerisure Ins. Co.*, 925 F.2d 193, 198 (7th Cir. 1991). As to the first requirement, the court concludes that the issue raised in this case of whether the amount in controversy requirement is satisfied is the same issue that Judge Randa and the Seventh Circuit addressed in the 2009 case when these tribunals concluded Stayart should not be allowed leave to amend her pleadings to proceed under diversity jurisdiction. Next, the court must determine whether the issue was actually litigated. The "actually litigated" requirement is "generally satisfied if the parties to the original action disputed the issue and the trier of fact resolved it." *Continental Can Co., U.S.A. v. Marshall*, 603 F.2d 590, 596 (7th Cir. 1979) (citing *James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 459-60 (5th Cir. 1971)). Moreover, this requirement does not mandate that the issue be thoroughly litigated. *Id.* Instead, collateral estoppel may apply "'no matter how slight was the evidence on which a determination was made, in the first suit, of the issue to be collaterally concluded.'" *Id.* (citing 1B Moore's Federal Practice P 0.441(2),

at 3778 (2d ed. 1974)). Here, the court is faced with a somewhat unusual situation, in that the parties have swapped arguments from the first proceeding. Converse from what they now argue, in the previous proceeding Stayart contended that she satisfied the amount in controversy requirement, while Various took the stance that Stayart's arguments regarding satisfaction of the amount in controversy requirement were purely speculative and conclusory, and the district court properly exercised its discretion not to allow Stayart to amend her complaint to allege diversity jurisdiction. (Pettengill Aff., Ex. C at 44) (Docket #14-5). Despite the reversal in positions, the parties clearly disputed whether the amount in controversy was satisfied. Moreover, both the district court and the appellate court considered the matter and resolved it.

      For its part, Various contends that the issue was not actually litigated because during the 2009 case neither party made the argument that Various presently asserts – namely, that the amount in controversy requirement is satisfied when taking into account the significant costs to the defendant in complying with the broad scope of the permanent injunction. In effect, this argument is really premised on another argument, that is, the amount in controversy issue was not actually litigated because Various took an opposite position from the one it now asserts in this action. However, this contention is unavailing. By agreeing that the district court got it right instead of raising its voice with regard to the injunction's effect on the amount in controversy, Various effectively took the position that the injunction was irrelevant to the amount in controversy. To allow Various to now contend that the injunction is relevant would be to allow it to avoid the conclusive effect of collateral estoppel. Indeed, it is not as though Various did not have at its disposal all of the facts pertaining to the scope of the injunction sought by Stayart and the

costs associated with complying with it at the time it took its position in the 2009 case. Accordingly, whether by design or inadvertence, Various previously litigated the amount in controversy issue – including the issue of the relevancy of the injunction to the amount in controversy.[1]

The final requirements for the application of collateral estoppel are that the determination of the issue in the 2009 case be necessary to the decision there and that the decision be a final one. These requirements are clearly satisfied. The decision by Judge Randa concluded that to allow plaintiff to re-plead her complaint and proceed on her state law claims under diversity jurisdiction would be futile because plaintiff could not make a good faith allegation that she met the amount in controversy requirement and, on this basis, declined to exercise federal jurisdiction over plaintiff's state law claims. The Seventh Circuit found that the district court did not abuse its discretion in concluding as much and affirmed the lower court's decision. Accordingly, collateral estoppel applies to preclude relitigation of the amount in controversy issue, as a prior tribunal already held that Stayart could not satisfy this element of diversity jurisdiction. Thus, removal of this action based on diversity jurisdiction was improper, and the court is obliged to grant the plaintiff's motion to remand to state court.

---

[1]The court is also mindful that the doctrine of judicial estoppel may work in this case to preclude Various from abandoning the position it took in the 2009 litigation and asserting an inconsistent position in this action with respect to the same facts. *See Himel v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 596 F.2d 205, 210 (7th Cir. 1979) (noting that the doctrine of judicial estoppel "precludes a party from advocating a position inconsistent with one previously taken with respect to the same facts in an earlier litigation…") (internal citations omitted).

2. Costs

Plaintiff has asked, pursuant to 28 U.S.C. § 1447(c), that the court award her attorneys' fees incurred as a result of the remand. The standard for awarding fees under § 1447(c) is whether the "removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A defendant has an objectively reasonable basis for removal if "clearly established law" did not foreclose a defendant's basis for removal. *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009). As a result, this court must look at the clearly established law relevant to defendant's reason for removal in determining whether there was an objectively reasonable basis for removal. *Id.*

Here, an award of attorneys' fees is inappropriate, as the defendant's attempt at removal was not foreclosed by clearly established law. In this case, the defendant removed the case based upon diversity jurisdiction grounds, alleging that the amount in controversy requirement was satisfied. However, the court found that collateral estoppel precluded such an argument. While the collateral estoppel doctrine is arguably clearly established, the facts of this case presented a novel question – how the parties' swapping of arguments from the first proceeding to the second proceeding affected the doctrine's application. The court found no authority directly applicable to this situation. Therefore, the court concludes that, while the defendant's basis for removal was ultimately inapplicable to the circumstances of this case, its attempt at removal was not foreclosed by clearly established law.

Accordingly,

IT IS ORDERED that plaintiffs' motion to remand to state court (Docket #7) be and the same is hereby GRANTED; the case shall be remanded to Walworth County Circuit Court; the plaintiff is not entitled to an award of costs or expenses;

IT IS FURTHER ORDERED that defendant's motion to dismiss (Docket #10) be and the same is hereby DENIED as moot.

The Clerk of Court is directed to take all appropriate and necessary steps to effectuate the remand back to the Walworth County Circuit Court.

Dated at Milwaukee, Wisconsin, this 25th day of October, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge